Heron v. Roberts, 192 Ill. App. 516.

## Abstract of the Decision.

1. VAGRANCY, § 1*—*when evidence insufficient to support complaint.* Where a complaint charges that defendant was known to be a pickpocket, was lounging in a street car and was unable to give a reasonable excuse for being there, evidence of the officer who arrested him that he saw defendant getting on the car, that he knew defendant to be a pickpocket and arrested him in the car on suspicion that he was trying to pick pockets, but that he did not see defendant doing anything at the time of the arrest, is insufficient to support the complaint, though defendant testified that he had not been working for a couple of months.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when stenographic report sufficient.* Where defendant has been allowed by order of court to file either a statement of facts or a stenographic report, a document certified to as containing all of the evidence submitted and heard is equivalent to a stenographic report and sufficient to bring the evidence up for review, even though it is not, as it is certified to be, a statement of facts.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when stenographic report may be certified by another judge.* Where the *placita* shows that the trial of an action in the Municipal Court of Chicago was had before a judge of the City Court of Chicago Heights, holding a branch of the Municipal Court at the request of the judges of the latter court, a certificate to the stenographic report of the evidence signed by a judge of the latter court to which is appended the words "in the absence of" the Chicago Heights Judge "who is not acting as judge of this court at this time" is sufficient in the absence of a showing or objection in the record that the judge so certifying did not act upon competent proof of the disability of the trial judge.

## John Heron, Defendant in Error, v. Minnie C. Roberts, Plaintiff in Error.

### Gen. No. 20,611.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed May 11, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by John Heron, plaintiff, against Minnie C. Roberts, defendant, based on attorney's lien for $100 claimed by plaintiff on a judgment obtained by James E. Tate against defendant.

Plaintiff alleged that defendant had paid $1,000 in satisfaction of such judgment after notice of his lien.

For defendant it was contended that she did not make such payment in her personal capacity but as executrix of the last will and testament of James Corlett, deceased, and under order of the Probate Court, and had no knowledge of plaintiff's contractual relations with Tate.

The evidence disclosed the following facts: James E. Tate obtained a judgment against defendant for $850. Later he also obtained a decree in chancery setting aside a deed from defendant to her father, James Corlett, of certain real estate, and authorizing a sale thereof under an execution upon said judgment, and directing payment from the proceeds of sale, first of $4000 to said Corlett, and then the judgment of $850 to Tate, unless the latter sum with interest was paid by some of the parties defendant to said decree. Nothing appears to have been done under said decree, but later Corlett died, leaving a will appointing defendant as his executrix. Pursuant to an order of the Probate Court, defendant, as such executrix, sold said real estate for payment of the debts of Corlett's estate.

The order required, first, the payment of certain liens, including the lien of Tate's judgment as established by said decree, then the payment of debts of the said estate. The amount of said lien was fixed in said order at $1,000 and defendant paid the same from the proceeds of the sale as directed.

One Brown was Tate's attorney in both the law and chancery proceedings above referred to. Afterwards, according to Heron's testimony, Tate came to him and said that Brown, his attorney, had taken the mat-

ter from the Superior Court to the Appellate Court to have a bill of review reviewed, or something of that sort, and that he wished Heron to loan him $25 for costs already incurred in printing briefs and abstracts and to assist Brown in every way possible in the Appellate Court, and that if he ever got any money out of that judgment against the Roberts family, he would pay Heron $100. Heron testified that his services were for assisting Brown "in that matter" and paying $25 for the printing, etc., and that shortly afterwards he served a notice of an attorney's lien on defendant. The evidence showed that he had nothing whatever to do with the Probate Court proceedings, and it did not appear that the proceeding in which he was engaged to assist Brown had anything to do with the cause of action in which the lien on Corlett's real estate was procured.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

DOUGLAS C. GREGG, for plaintiff in error.

JOHN HERON, pro se.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 140*—*when attorney has no right of action on lien against judgment debtor for payment made in representative capacity.* A judgment debtor, who, acting in her representative capacity as executrix and in obedience to an order of the Probate Court, pays the judgment out of the funds of the estate to remove a lien against the estate is not liable in an action by the attorney of the judgment creditor on his lien on the judgment, though she had notice of the lien.

2. ATTORNEY AND CLIENT, § 138*—*when evidence insufficient to establish lien.* Evidence examined and *held* insufficient to establish attorney's lien.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.